■ In the Matter of the Claim of LILLIAN RAWLINGS, Respondent, v. RELIABLE SAMPLE COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— STALEY, JR., J. Appeal from decisions of the Workmen's Compensation Board filed January 17, 1967 and April 24, 1967. The claimant was employed by the Reliable Sample Company as a paster in which capacity she pasted and mounted samples on cards. It is undisputed that on October 19, 1961, the claimant met with an accident while lifting a 25 pound bucket of paste and, when in the course of such exertion, she felt a sharp pain in her lower back. On March 2, 1962 the Referee found that accident, notice, and causal relationship were established. Thereafter, awards were made to the claimant for periods of total disability until January 22, 1962 and for periods of partial disability until December 21, 1962. At the hearing on December 21, 1962, claimant was examined by Dr. De Castro, a board physician, and found to have a mild partial disability. On March 11, 1963 the Referee held that the claimant had no further disability after December 21, 1962, and closed the case. On April 8, 1963 Dr. Seaman, an orthopedist, examined the claimant and submitted a C-27 medical report to the board which indicated a change in condition in that claimant had a "chronic unstable low back which is causing a continuing causally related disability" requiring further treatment and requested that the case be reopened. On February 20, 1964 the board rescinded the Referee's decision closing the case, and found that the claimant had a continuing causally related disability subsequent to December 21, 1962, and continued the case for an appropriate award. On March 3, 1964 the board restored the case to the Referee Calendar. Thereafter, an award was made for the period from December 21, 1962 to February 21, 1964, and the case was continued. The employer and carrier appealed to this court from the decision of the board dated February 20, 1964. This court reversed the decision of the board and remitted the case for clarification and

for the board to "state 'the basis of its action' and define 'the issues raised before it on [the] application' (Workmen's Compensation Law, § 23) as it conceived and treated them; so as to render a decision adequate to permit intelligent judicial review." (*Matter of Rawlings* v. *Reliable Sample Co.,* 23 A D 2d 921, 922.) After a hearing held on October 5, 1965, the board, by decision dated December 15, 1965, determined that the C-27 report of Dr. Seaman constituted an application to reopen the claim and that the case should, therefore, be restored to a Referee Calendar for rehearing for development of the record as to further causally related disability beyond December 21, 1962. No appeal was taken by the employer and its carrier from this decision. Further hearings were held before the Referee at which additional medical testimony was presented. The Referee found no causally related disability beyond December 21, 1962, and closed the case on the previous awards. Upon review the board reversed the Referee's decision and determined that the claimant had a continuing causally related disability subsequent to December 21, 1962, and restored the case to the Referee Calendar for an appropriate award, stating: "Upon review of the entire record, the board finds that claimant has continued to suffer from a chronic low back condition since December 21, 1962, that such pathology is causally related to the injury of October 21, 1961, and limits claimant to sedentary work not involving lifting or bending or other such activities requiring exertion of the back." On this appeal the employer and its carrier contend that the Workmen's Compensation Board acted illegally and, in contravention of its own rule 14 in reopening the case on the C-27 report, and further that substantial evidence does not support the finding that the claimant has a continuing causally related disability after December 21, 1962. The filing of the C-27 report indicating a change of condition was sufficient to warrant the board's action in reopening the case (*Matter of Wilson* v. *Pittsburgh Plate Glass Co.,* 15 A D 2d 847). Substantial evidence supports the board's decision that the claimant has a continuing causally related disability after December 12, 1962. There is no question concerning her disability and causal relation prior to that date. On December 21, 1962 Dr. De Castro, an examining physician of the Workmen's Compensation Board, reported that the claimant still had a "mild partial disability". Dr. Spinner, the carrier's own consultant, admitted, on December 21, 1962, that, if the claimant's complaints of back pains were valid, "then she had a disability". The report and testimony of Dr. Seaman indicates that the claimant continued to suffer from a "chronic low back" which he attributed to the 1961 accident. Although the appellants introduced medical testimony in an attempt to contradict the testimony of Dr. Seaman, the differences in the medical evidence offered merely presented a question of fact to be resolved by the board. Since this determination is supported by substantial evidence, it is final and conclusive, being "entirely within the province of the Board and outside the limited jurisdiction of this court". (*Matter of Palermo* v. *Gallucci & Sons,* 5 N Y 2d 529, 532.) Decisions affirmed, with costs to Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Staley, Jr., J.